IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41192
Summary Calendar
_____


SAM L. HOLLE, doing business as
Texachem Agricultural Service,

                                        Plaintiff-Appellant,

versus

HOPKINS COUNTY SHERIFF'S DEPARTMENT,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-335
USDC NO. 6:98-CV-336
--------------------
December 18, 2001
Before DeMOSS, PARKER, and DENNIS, Circuit Judges:

PER CURIAM:[*]

    Sam Holle sued the Hopkins County Sheriff's Department for

violating his civil rights in connection with the seizure and sale

of property owned by his agricultural spraying business.  The case

proceeded to a jury trial before the magistrate judge, and the jury

returned a verdict finding the Appellee liable and awarding damages

of $250,000.  The Appellee moved for a new trial as to both

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

liability and damages. The magistrate judge granted the motion, concluding that "the jury's verdict of $250,000 clearly shocks the conscience when compared to the evidence presented by the plaintiff" and that "the total amount of $250,000 awarded by the jury is factually insufficient and is against the great weight and preponderance of the evidence as to be manifestly unjust."

The parties retried the case to a second jury. The second jury determined that no constitutional violation occurred. Accordingly, the magistrate judge subsequently ordered that Holle take nothing and that the action be dismissed on its merits. Holle now appeals the order granting the motion for a new trial. We review for an abuse of discretion. *See Fontenot v. Cormier*, 56 F.3d 669, 676 (5th Cir. 1995).

The only evidence introduced during the first trial which related to a damages claim was (1) Plaintiff's testimony as to the reasonable market value of his property and (2) testimony which indicated that his property sold for less than the reasonable market value at the sheriff's sale. The evidence did not demonstrate that any alleged constitutional violation on the part of Hopkins County caused the failure of Holle's fertilizer business. Therefore, the $250,000 damage award, based almost entirely on lost business profits, was not supported by the great weight of the evidence.

Because the $250,000 damages award was not supported by the

2

evidence and shocked the conscience, the magistrate did not err in granting a new trial on the issue of damages. The magistrate also did not err in ordering a new trial on liability because the liability issue was closely intertwined with the damages issue. *See Worsham v. City of Pasadena*, 881 F.2d 1336, 1339 (5th Cir. 1989) (holding that district judge's decision to grant a complete retrial on both liability and damages was not an abuse of discretion because the liability issue, i.e., whether City had violated the Constitution, was closely intertwined with the damages issue).

For these reasons, we find that the magistrate judge did not commit reversible error in granting the new trial. Accordingly, the second jury's verdict that no constitutional violation occurred is AFFIRMED.